IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CRIMINAL NO. 20-163 |
| | : |
| LEE D. WEISS | : |

MEMORANDUM

**Scott, J.**                                                                                                            **August 1, 2024**

Defendant Lee D. Weiss brings this pro se Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) arguing that Amendment 821 to the United States Federal Sentencing Guidelines entitles him to a reduction in sentence. ECF Nos. 135, 137. The Government opposes this Motion. ECF No. 136. For the reasons set forth below, the Court will deny Defendant's Motion (ECF No. 135). An appropriate Order will follow.

I.   **BACKGROUND**

On March 21, 2022, pursuant to a written plea agreement, Defendant pled guilty to investment adviser fraud, in violation of 15 U.S.C. §§ 80b-6, 80b-17. ECF Nos. 91, 97. At the time of sentencing, Defendant's total offense level was 27 and his criminal history category was I (zero points). PSR ¶¶ 68, 72. With a total offense level of 27 and a criminal history category of I, Defendant's sentencing guideline range was 70 to 87 months' imprisonment. PSR ¶¶ 68, 72, 122. However, because the statutory maximum term of imprisonment for a violation of 15 U.S.C. § 80b-17 is 5 years, Defendant's final guideline range became 60 months. PSR ¶ 122. On August 8, 2022, the Court[1] sentenced Defendant to 60 months' imprisonment. ECF No. 106.

---

[1] The Honorable Eduardo C. Robreno presided over Defendant's case through sentencing. The case was reassigned to this jurist on November 21, 2023. ECF No. 129.

Defendant now moves, pursuant to 18 U.S.C. § 3582(c)(2), for a reduction in his sentence under Part B of Amendment 821, a recent amendment to the Sentencing Guidelines. ECF Nos. 135 (Mot.), 137 (Reply). The Government opposes Defendant's Motion arguing that although Defendant is eligible for a reduction of up to three months under Amendment 821, the reduction is discretionary and the Section 3553(a) factors counsel against such a reduction. ECF No. 136.

II.   **DISCUSSION**

Pursuant to 18 U.S.C. § 3582(c)(2), "a district court may reduce a sentence if two conditions are met: (1) the defendant was sentenced 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission' and (2) 'a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Rodriguez*, 855 F.3d 526, 529 (3d Cir. 2017) (quoting 18 U.S.C. § 3582(c)(2)). Thus, in analyzing a Section 3582(c)(2) motion, a district court must first determine the defendant's eligibility for a reduced sentence and calculate their amended Guidelines range if they are eligible; and second, the court must consider any applicable § 3553(a) factors and determine, in its discretion, whether the reduction is warranted "in whole or in part under the particular circumstances of the case." *Dillon v. United States*, 560 U.S. 817, 826–27 (2010).

Amendment 821 to the Sentencing Guidelines went into effect on November 1, 2023 and applies retroactively. U.S.S.G § 1B1.10(a)(1), (d). Part B of Amendment 821 created a new provision, Section 4C1.1, which provides a two-level downward adjustment in offense level for offenders who present zero criminal history points, unless the defendant falls within one of the listed exceptions to relief. U.S.S.G. § 4C1.1. These exceptions provide that a defendant is not eligible for the reduction if: (1) he received a terrorism adjustment under U.S.S.G. § 3A1.4; (2) he used violence or credible threats of violence in connection with the offense; (3) the offense resulted in death or serious bodily injury; (4) the offense was a sex offense; (5) he personally caused

substantial financial hardship; (6) he possessed, received, purchased, transported, transferred, sold, or otherwise disposed of a firearm or other dangerous weapon in connection with the offense; (7) the offense was an offense involving individual rights covered by U.S.S.G. § 2H1.1; (8) he received a hate-crime-motivation or vulnerable-victim adjustment under U.S.S.G. § 3A1.1; (9) he was convicted of a serious-human-rights offense under U.S.S.G. § 3A1.5; (10) he received an aggravating-role adjustment under U.S.S.G. § 3B1.1; or (11) he was engaged in a continuing criminal enterprise as defined in 21 U.S.C. § 848. *See* U.S.S.G. § 4C1.1(a)(2)–(10).

Defendant qualifies for a reduced sentence under Amendment 821. As described *supra*, at the time of sentencing, Defendant's criminal history score was zero, placing him in the criminal history category of I, which paired with his total offense level of 27, resulted in a guideline range of 70 to 87 months' imprisonment. PSR ¶¶ 71–72, 122. However, because the statutory maximum of the offense is five years, the guideline term of imprisonment was 60 months. *Id.*

If Amendment 821 had been in place when Defendant was sentenced, he would have received a two-point reduction in his total offense level.[2] Thus, Defendant's offense level would have been 25, which paired with a criminal history category of I, would have resulted in a guideline range of 57 to 71 months. Again, however, because the statutory maximum sentence of the offense is 5 years, the guideline term of imprisonment would have been 57 to 60 months. The Government concedes that the bottom of Defendant's guideline range has been reduced by three months. *See* ECF No. 136 at 9.

---

[2] The Court notes that Defendant's Motion and Reply incorrectly state that at sentencing his total offense level was 25 and that Court sentenced him in accordance with the guideline range of 57 to 71 months. *See* ECF Nos. 135, 137. Defendant further incorrectly states that had Amendment 821 been in place when he was sentenced it would have produced a total offense level of 23 and resulted in a guideline range of 46 to 57 months. *Id.* Based on these incorrect statements, Defendant recommends his sentence be reduced to a term of 48 months. *See id.*

3

Although Defendant is eligible for relief under Amendment 821, the Court finds a sentence reduction is not warranted. At the time of sentencing, upon consideration of the § 3553(a) factors, the Court found 60 months' incarceration to be a sufficient but not greater than necessary sentence. Upon reviewing the record of this case, and carefully considering the § 3553(a) factors, the Court declines to exercise its discretion to reduce Defendant's sentence.

In making this discretionary decision, the Court highlights the following facts. First, Defendant committed a very serious crime. He devised and carried out a scheme over the course of at least four and one-half years wherein he deceived his wealthy clients and was responsible for $7.5 million of client losses that were the subject of restitution. Second, although, at the time of sentencing, the Presentence Report took a "conservative position" and did not add the "substantial financial hardship" enhancement—which if applied would have made Defendant ineligible for relief under Amendment 821—the Court finds Defendant's role in causing his victims to lose millions of dollars carries significant weight in this Court's discretionary decision to not reduce Defendant's sentence. Third, while Defendant did not have any criminal history prior to this offense, he carried out this scheme over the course of multiple years, thus showing a degree of recidivism and a level of incorrigibility.

It is for these reasons, along with many others that the Court previously highlighted at Defendant's sentencing, that the Court finds that Defendant's sentence of 60 months is sufficient, but not greater than necessary, to accomplish the goals of sentencing. *See* 18 U.S.C. § 3553(a). Accordingly, the Court will decline to exercise its discretion to reduce Defendant's sentence.

### III.   CONCLUSION

For the foregoing reasons, the Court will deny Defendant's Motion (ECF No. 135). An appropriate Order will follow.

BY THE COURT:

_____
HON. KAI N. SCOTT
United States District Court Judge

5